IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JULIANNE MARY DUNN, | ) | |
| | ) | CASE NO. BK10-82876-TLS |
| Debtor(s). | ) | A11-8002-TLS |
| DANIEL H. DUNN, individually and as | ) | |
| guardian for Rosemary C. Dunn; FREMONT | ) | |
| NATIONAL BANK & TRUST COMPANY, | ) | |
| as conservator of the Estate of Rosemary C. | ) | |
| Dunn; MARY ELIZABETH DUNN; and | ) | |
| D. EUGENE DUNN, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| JULIANNE DUNN HERZOG; DAVID L. | ) | |
| HERZOG; and HERZOG & HERZOG, P.C., | ) | |
| a Nebraska professional corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the debtor's notice of removal of this state court civil action to the bankruptcy court. Joseph F. Gross, Jr., represents the debtor-defendant, Allen E. Daubman represents the plaintiffs, and Michael J. Whaley and Christopher J. Tjaden represent the Dunn plaintiffs.

This lawsuit was initiated in the District Court of Douglas County, Nebraska, on September 29, 2006, by some of the debtor-defendant's siblings, alleging professional negligence and misconduct in connection with guardianship and power of attorney matters concerning their mother. The debtor filed a Chapter 13 bankruptcy petition on October 4, 2010, and removed the lawsuit to this court on January 3, 2011.

As set forth in 28 U.S.C. § 1334(a) and (b), bankruptcy courts (through the district courts) have exclusive jurisdiction over all cases under title 11, and original but not exclusive jurisdiction over all core proceedings arising under title 11 or arising in or related to a case under title 11. The causes of action in this case are not core bankruptcy proceedings and would not be before this court except for the bankruptcy filing. In addition, § 1334(c)(1) permits a court to abstain from hearing a particular proceeding, in favor of the state courts: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law,

from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In deciding whether permissive abstention under § 1334(c)(1) is appropriate, courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

*Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 893-94 (B.A.P. 8th Cir. 2001) and *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.")).

The majority of these factors favor abstention. As noted above, the allegations in the complaint pertain to state law causes of action. The state court has jurisdiction over all of the defendants and is able to fashion remedies that this court could not. The civil action appears to have been ready or nearly ready for trial when the bankruptcy petition was filed. The outcome of the

-2-

lawsuit will affect the plaintiffs' claims against the debtor and may affect the terms of her proposed plan of reorganization, but those are not sufficient reasons for this court to retain jurisdiction under the circumstances. The plaintiffs' claim may be liquidated in the state court, although the automatic stay protects the debtor from any attempts to collect on a judgment. If dischargeability of the state court judgment becomes an issue, the parties may bring it before this court for determination.

For these reasons, this court will abstain from hearing the lawsuit and will remand the case to state court.

IT IS ORDERED: This lawsuit should be remanded to the District Court of Douglas County, Nebraska. Relief from the automatic stay is hereby granted to the parties to pursue the state court litigation and liquidate the claim.

DATED:  April 12, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
     Joseph F. Gross, Jr.
     Allen E. Daubman
     Michael J. Whaley
     Christopher J. Tjaden
     David L. Herzog
     Howard T. Duncan
     Kathleen A. Laughlin
     U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.